IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

LEO P. COLLINS                                                                                       PETITIONER
*Reg. #15509-078*

v.                                          2:23-cv-00048-DPM-JJV

John P. Yates,
Warden, FCI Forrest City[1]                                                                        RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

**DISPOSITION**

**I.     INTRODUCTION**

On January 23, 2013, in the United States District Court for the Eastern District of Texas, Leo P. Collins ("Petitioner") was sentenced to 120 months' imprisonment followed by five years of supervised release on the charge of knowingly and intentionally possessing with the intent to distribute approximately two kilograms of cocaine. *United States v. Collins*, No. 5:10-cr-00001

---

[1] The Clerk is directed to amend the docket to reflect the full and correct name of Respondent C. Edge, Acting Warden, FCI Forrest City.

(E.D. Tex. Jan. 1, 2012) (Doc. No. 186.) On March 27, 2019, he was sentenced to a term of 36 months' imprisonment for having violated conditions of his supervised release. (*Id*. at Doc. No. 281.) Mr. Collins is currently serving that sentence at the Federal Correctional Institution Forrest City ("FCI Forrest City"). (Doc. No. 1 at 1.) According to the Bureau of Prisons' calculation, Mr. Collins' projected release date is May 23, 2025. Find an Inmate, Federal Bureau of Prisons, www.bop.gov/inmateloc/ (last visited May 19, 2023).

Mr. Collins brings the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 *pro se*. (Doc. No. 1.) Mr. Collins raises two grounds for relief. First, he asks this Court to reduce his sentence pursuant to the First Step Act, specifically under 18 U.S.C. § 3582(c)(2).[2] (*Id*. at 4.) Second, Mr. Collins requests that time he spent in state custody on a federal detainer be credited toward his federal sentence. (*Id*. at 3).

On April 6, 2023, this Court ordered C. Edge, Acting Warden of FCI Forrest City, ("Respondent") to file a response only to Petitioner's allegation that he is entitled to time credits for the period he spent in state custody on a federal detainer from approximately May 5, 2022, until November 2, 2022. (Doc. No. 6.) Respondent acted accordingly and filed a Response to Mr. Collins' Petition, asserting dismissal is appropriate due to his failure to exhaust his administrative remedies regarding the time credit claim. (Doc. No. 7 at 2-3.) After careful consideration, I recommend Mr. Collins' Petition be DISMISSED.

II.   ANALYSIS

    a.   **The Exhaustion Requirement**

---

[2] 18 U.S.C. § 3582(c)(2) provides that, "the court may not modify a term of imprisonment once it has been imposed except that – in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

"A prisoner may bring a habeas action challenging the [Bureau of Prisons]'s execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam)). Federal regulations afford prisoners administrative review of the computation of their credits. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10-.16). Prisoners are able to seek judicial review of these computations "after exhausting their administrative remedies." *Id*. (citing *United States v. Bayless*, 940 F.2d 300, 304-05 (8th Cir. 1991)).

The BOP's Administrative Remedy Program exists "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The process is a multi-step one. First, an inmate must "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." *Id*. at § 542.13(a). Second, if the issue is not resolved, the inmate must submit a "formal written Administrative Remedy Request" at the institutional level. *Id*. at § 542.14(a).

Third, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal . . . to the appropriate Regional Director." *Id*. at § 542.15(a). Fourth, "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel." *Id*. An inmate may seek judicial review only after exhausting each of these steps. *Wilson*, 503 U.S. at 335; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)").

b. **Petitioner's Failure to Exhaust**

In support of his request for time credit, Mr. Collins states that he "has exhausted all available remedies proceeding the filing of this motion for sentence reduction." (Doc. No. 1 at 8.) He points to an email he submitted to "AW" and the warden on January 18, 2023, requesting he be awarded credit for the time he spent in state custody awaiting release to the federal detainer. (*Id*. at 8, 11.) Mr. Collins claims that because he "has still not received a response", he has exhausted his administrative remedies. (*Id*. at 9.)

However, that is not the case. As outlined above, an informal request to staff is the first step in the administrative remedy process. 28 C.F.R. § 542.13(a). Should the inmate either not receive a response or receive an unfavorable response from the staff member, the inmate must submit a "formal written Administrative Remedy Request" at the institutional level to the warden. *Id*. at § 542.14(a). Instead of following these procedures, Mr. Collins submitted an informal "request to staff" directly to the warden and an individual named "AW", did not receive a response, and filed this Petition directly with the Court. (Doc. No. 1 at 8-9, 11.) Mr. Collins did not properly comply with even the first step in the administrative remedy process. And, again, administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Mr. Collins failed to do so here.

That being said, I realize Mr. Collins may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process. The Supreme Court of the United States explained the important role of exhaustion as follows: "requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being

4

haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record."[3] *Jones v. Bock*, 549 U.S. 199, 204 (2007).

Mr. Collins is free to begin the administrative remedy process if he seeks to resolve the ongoing issue of his time credits. Only after he completes all the steps that the BOP holds out, and does so properly so that the BOP addresses the issue on its merits, can he seek judicial review. *Woodford*, 548 U.S. at 90. Because he failed to exhaust his administrative remedies prior to seeking judicial review, his time credit claim should be dismissed without prejudice.

c. **Sentence Reduction**

Mr. Collins asks this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c). (Doc. No. 1 at 4.) Under § 3582(c)(1)(A)(i), a court may modify a term of imprisonment if it determines that "extraordinary and compelling reasons warrant such a reduction." Mr. Collins points to his participation in various BOP re-entry programs, strong community ties, and overall rehabilitation as extraordinary and compelling reasons warranting a sentence reduction. (Doc. No. 1 at 6-8.)

But the United States Court of Appeals for the Eighth Circuit has determined that it is the court that imposed the sentence that can consider a sentence reduction under 18 U.S.C. § 3582(c). *See United States v. Rodriguez-Mendez*, 65 F.4th 1000, 1001 (8th Cir. 2023) (Under 18 U.S.C. § 3582(c)(1)(A), "the *sentencing* court 'may reduce the term of imprisonment…if it finds that (i) extraordinary and compelling reasons warrant such a reduction.'") Mr. Collins was sentenced in the United States District Court for the Eastern District of Texas.

---

[3] In *Jones*, the Supreme Court of the United States was describing exhaustion in the Prison Litigation Reform Act ("PLRA") context. Although the PLRA does not apply to petitions of writs of habeas corpus, the rationale behind exhaustion under the PLRA offers insight into the exhaustion requirement in the habeas context for petitions brought under 28 U.S.C. § 2241. 18 U.S.C. § 1997e(a).

Accordingly, as this Court does not have jurisdiction to address Mr. Collins' request for a sentence reduction under 18 U.S.C. § 3582(c), it must be dismissed with prejudice.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Petitioner's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED – his request for time-credit be dismissed without prejudice, and his request for a sentence reduction be dismissed with prejudice.

DATED this 1st day of June 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE